UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNIVERSAL SAFETY RESPONSE, INC.
                          Plaintiff,

vs.

SECUREUSA, INC., et als
                         Defendants,

Civil Action No. 08-Civ-4851 (LTS)

**CONSENT ORDER AS TO PERMANENT INJUNCTIVE RELIEF**

    **THIS MATTER** having been brought before the Court on Tuesday, May 27, 2008 by Milbank, Tweed, Hadley & McCloy, LLP, counsel for Plaintiff, Universal Safety Response, Inc. ("USR") (Parker Bagley, Esq. and Frank Bruno, Esq. appearing) pursuant to Fed. R. Civ. P. 65(a) for an Order imposing temporary restraints (the "TRO Application") and requiring Defendant SecureUSA, Inc. ("SUSA") to Show Cause why an Order seeking certain preliminary injunctive relief should not issue against SUSA relating to SUSA's use of certain copyrighted text and photographs pertaining to USR's Ground Retractable Automobile Barrier ("GRAB") system and SUSA's use of the GRAB trademark; and

    **WHEREAS,** counsel for SUSA, Carroll, McNulty & Kull, LLC, participating via teleconference (Guy T. Lytle, Esq. and Matthew J. Lodge, Esq. appearing) requested an adjournment of the TRO Application to attempt to reach a partial settlement of this action as to those claims for which injunctive relief has been sought; and

    **WHEREAS,** this Court granted an adjournment of the TRO Application until 10:00 a.m., Thursday, May 29, 2008; and

1

**WHEREAS,** counsel for the parties having appeared before the Court on the date and time aforesaid, and having advised the Court that a partial settlement has been reached between SUSA and USR as to those claims for which injunctive relief has been sought by USR; and

**WHEREAS,** SUSA has agreed to voluntarily abide by the terms of injunctive relief set forth in Paragraphs 2 & 3 herein, notwithstanding SUSA's assertion that it has never used any information, text or photographs pertaining to USR's GRAB system for any purpose except to properly promote and market the sale of USR's GRAB system -- and no other competing product -- in accordance with the agreement reached between the parties in or about 2005; and

**WHEREAS,** the parties having requested that this partial settlement be memorialized by Consent Order, and good cause having been shown;

IT IS on this 29th day of May, 2008, Ordered and Adjudged as follows:

1. The claims set forth in USR's Complaint against SUSA dated May 23, 2008 are hereby settled to the extent they seek temporary, preliminary and permanent injunctive relief.

2. SUSA, its officers, agents, servants, employees and attorneys, and those persons in active concert or participation with SUSA who receive actual notice of this Order by personal service or otherwise, shall immediately and permanently cease and desist from all of the following:

   (a) using, in any manner, the "GRAB" trademark issued to USR on September 23, 2003 under U.S. Trademark Number 2,767,400 ( the "GRAB Mark");

(b) using, in any manner, the literary and/or photographic works contained in a promotional brochure entitled "The fastest growing BARRIER TECHNOLOGY in the world" which is the subject of a copyright owned by USR under Copyright Registration No. TX6-840-385 dated May 13, 2008 (the "GRAB Brochure");

(c) making, using, selling or offering for sale the inventions disclosed in the following United States patents duly assigned to and owned by USR:

    (i) U.S. Patent No. 7,195,419 entitled "Net and Mat" issued on March 27, 2007 to Matthew A. Gelfand (the "'419 Patent");

    (ii) U.S. Patent No. 7,210,873 entitled "Energy Absorbing System With Support" issued on May 1, 2007 to Matthew A. Gelfand (the "'873 Patent");

(d) committing any acts calculated to cause consumers to believe that any products or services sold, licensed or offered by SUSA are sponsored by, approved by, connected with supported by, guaranteed by sold or offered by USR or are under the control or supervision of USR.

3. SUSA, its officers, agents, servants, employees and attorneys, and those persons in active concert or participation with SUSA who receive actual notice of this Order by personal service or otherwise, shall also immediately destroy hard copies of any SUSA promotional, marketing or sales literature, flyers, catalogues or brochures that bear the GRAB Mark or that contain copyrighted text or photographs pertaining to the GRAB Brochure.

4.  SUSA's agreement to the terms set forth in Paragraphs 2 and 3 herein do not constitute and shall not be construed as an admission of liability as to any alleged claims by USR for monetary damages arising under federal or state law for trademark, copyright or patent infringement or unfair competition that survive this partial settlement of USR's claims for injunctive relief, nor shall this partial settlement constitute a waiver or release of any affirmative claims that SUSA may assert against USR in this action.

5.  The Court shall retain jurisdiction over the remaining claims in this matter as well as any dispute arising from this Consent Order. Should either party seek emergent relief as the result of any such dispute, the party seeking emergent relief shall give no less than three business days written notice prior to the application return date to the opposing party and its counsel. Written notice shall be given via facsimile and email.

So ORDERED:

_____
Hon. Laura Taylor Swain, U.S.D.J.

We hereby consent to the form and entry of the within Order:

Milbank, Tweed, Hadley & McCloy, LLP
Attorneys for Plaintiff Universal Safety Response, Inc.

By: _____    Dated: 5/29/08
    Parker Bagley, Esq. (PB0552)

Carroll, McNulty & Kull, LLC
Attorneys for Defendant SecureUSA, Inc.

4

By: Guy T. Lytle, Esq. (GL2323)            Dated: 5/30/08

5