IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISRICT OF NEW YORK

UNIVERSAL SAFETY RESPONSE, INC.

Plaintiff,

vs.

SECUREUSA, INC., et als

Defendants.

Case No. 08-CIV-4851 LTS

DEFENDANT'S STATEMENT OF INITIAL DISCLOSURE

Pursuant to Fed. R. Civ. P. 26(a)(1), defendant SecureUSA, Inc. ("Defendant" or "SUSA") hereby submits the following Statement of Initial Disclosures ("Statement") in the above-captioned matter.

These disclosures are based on information reasonably available and known to Defendant as of the date of this Statement. By making these disclosures, Defendant does not represent that it is identifying every document, individual, or other evidence that it may possibly use to support its positions in this lawsuit. Rather, Defendant has made good faith efforts to identify information subject to the disclosure requirements of Rule 26(a)(1).

Defendant will further supplement these disclosures as necessary pursuant to Rule 26(e) and any Scheduling Order entered by the Court. In addition, by identifying the following individuals and documents, Defendant expressly reserves its rights to object to the admissibility of all or a portion of a witness' testimony, or all or a portion of the documents identified.

**A. Individuals:**

The following is a list of individuals likely to have discoverable information that Defendant may use to support its defenses, claims, cross-claims, and/or counterclaims based on Defendant's investigation to date.

1. All present or former officers, directors, employees, representatives or agents of Plaintiff Universal Safety Response, Inc., ("USR") 277 Mallory Station Road, Suite 112, Franklin, Tennessee 37067 having knowledge or information related to the instant suit and the matters relevant thereto, including but not limited to:

   (a) Matthew A. Gelfand President and CEO

   (b) Jerry D. Gibson, Vice President of Projects

   (c) Greg Hamby

   (d) Wesley M. Foss –Vice President

   (e) Adam Cothron

   (f) Howard White

2. All present or former officers, directors employees, representatives or agents of Defendant SecureUSA, Inc., 4250 Keith Bridge Road, Cumming, Georgia 30041 having knowledge or information related to the instant suit and the matters relevant thereto, including but not limited to:

   (a) Bevan Clark President

   (b) Mitch Morgan (former President)

   (c) Harford Field, III Director, Sales & Marketing

   (d) Ned Harrison

   (e) John Spurrier

3. Thomas Niederburger of Capitol Technology Services, Inc. (allegedly "confused" about the manufacturer of the GRAB system)

4. Frank A. Kelly, Kelly Pioneer Group, LLC, 601 Pennsylvania Avenue, NW Suite 900, Washington, DC 20004. (USR investigator)

5. Brandon Morgan, independent IT contractor for SUSA.

6. One or more representatives of the state government of the State of Florida. Tallahassee, Fla., to be identified.

7. One or more representatives of Bank of America, Charlotte, North Carolina division, to be identified.

8. Any individual identified by Plaintiff(s) or Defendant(s) in their respective pleadings, initial disclosures or discovery, and any materials in support of any motions, including but not limited to: other current and past employees of Plaintiff(s) and/or Defendant(s) with relevant information; customers of Plaintiff(s) and/or Defendant(s) with relevant information. The addresses and telephone numbers of these individuals have not yet been discovered, or the identity of such individuals has not yet been ascertained.

**B. Documents:**

The following is a list of documents and e-mail correspondence that Defendant may use to support its defenses, claims, cross-claims, and/or counterclaims based on Defendant's investigation to date.

1. Jerry D. Gibson personnel file, including signed SUSA Employment Agreement and signed SUSA Employment Handbook.

2. Greg Hamby personnel file, including signed SUSA Employment Agreement and signed SUSA Employment Handbook.

3. Any and all documents, including notes, written correspondence, e-mails, text messages and other tangible communications between Jerry D. Gibson and Wesley Foss relating to the December 7, 2005 meeting in Franklin, TN, between Gibson & Foss relative to the agreement granting SUSA permission to use approved photos of the GRAB sb Barrier System on SUSA's website.

4. All documents relating in any way to SUSA's efforts to market and sell the GRAB system between December 2005 and February 2007.

5. Any and all documents, including notes, written correspondence, e-mails, text messages and other tangible communications between SUSA and USR employees relating to the marketing of the GRAB Barrier System on SUSA's website.

6. Any and all documents, including notes, written correspondence, e-mails, text messages and other tangible communications between SUSA and prospective customers relative to inquiries about the GRAB Barrier system, specifically as to those involving Gibson and Hamby prior to leaving SUSA.

7. Any and all documents, including notes, written correspondence, e-mails, text messages and other tangible communications between SUSA and USR including but not limited to Foss, Gibson and Hamby relative to Gibson and Hamby's resignation from SUSA and employment with USR.

8. Any and all documents, including notes, written correspondence, e-mails, text messages and other tangible communications between SUSA and USR including but not limited to Foss, Gibson and Hamby relative to USR's decision in February 2007 to direct SUSA to

withdraw all reference to USR products and company from the SUSA website and marketing materials.

9. All documents relating in any way to SUSA's removal of reference to the GRAB system from its website and marketing materials as of February 2007.

10. All electronic mail to and from Jerry Gibson while employed at SUSA

11. All electronic mail to and from Greg Hamby while employed at SUSA

12. All "Confidential Information" as defined by the SUSA employment agreement, reviewed, created, modified, accessed or used by Gibson while employed by SUSA.

13. All "Confidential Information" as defined by the SUSA employment agreement, reviewed, created, modified, accessed or used by Hamby while employed by SUSA.

14. Records of sales calls or solicitations by Gibson on behalf of SUSA between December 1, 2000 – January 26, 2007.

15. Records of sales calls or solicitations by Hamby on behalf of SUSA between December 4, 2001 – January 25, 2007.

16. Records of Requests for Proposals, Invitations to Bids or other contract solicitations to SUSA from December 2000 onwards.

17. Records reflecting contracts awarded to SUSA from December 2000 onwards.

18. Records relating to projects for which SUSA's proposal, bid or proposed contract was rejected from December 2000 onwards.

19. Records relating to perimeter security equipment or materials purchased by SUSA from third party vendors for contracts awarded to SUSA from December 2000 onwards.

SUSA, like USR, agrees that exchange of the parties' respective documents undertaken pursuant to a protective order, as the majority of documents that SUSA will rely on are contain confidential and proprietary information.

C. Damages:

To the extent that Defendant has, or will, assert any claims, cross-claims, and/or counterclaims, Defendant's damages are as follows.

SUSA employed Jerry D. Gibson ("Gibson") and Greg Hamby ("Hamby") pursuant to written confidentiality agreements. USR induced them to leave SUSA in order to gain access to, and ultimately misappropriate, certain confidential information Gibson and Hamby obtained during the course of their employment with SUSA. SUSA believes that USR misappropriated confidential SUSA information in order to obtain contracts from at least two existing SUSA customers, Bank of America and the State of Florida. SUSA believes that Gibson and/or Hamby slandered SUSA in order to divert these clients from SUSA to USR. SUSA also believes that USR has misappropriated proprietary information concerning SUSA's crash-engineered bollards that USR is now wrongfully using to detract business from SUSA.

SUSA has not yet computed the damages it has suffered as a result of the lost sales and loss of good will caused by USR. Computation of such damages may be based on documents within the custody of USR. As a result, SUSA is unable to accurately or fairly compute its damages prior to discovery.

## INSURANCE AGREEMENTS

At this time SUSA is not aware of any insurance agreements that may be applicable.

                                                Respectfully submitted,

CARROLL McNULTY & KULL LLC

Guy T. Lytle, Esq. (GL2323)
120 Mountain View Boulevard
P.O. Box 650
Basking Ridge, NJ 07920
Phone: (908) 848-6300
Facsimile: (908) 848-6310
Attorneys for Defendant SecureUSA, Inc.

Dated: July 30, 2008

CERTIFICATE OF SERVICE

I hereby certify that on July 30, 2008, I served the foregoing on counsel for the Plaintiff via facsimile and electronic mail.

Guy T. Lytle (GL2323)