Michael M. Murray (MM5996)
MILBANK, TWEED, HADLEY & MCCLOY LLP
1 Chase Manhattan Plaza
New York, NY  10005-1413
(212) 530-5000
mmurray@milbank.com
*Attorneys for Plaintiff*
*Universal Safety Response, Inc.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNIVERSAL SAFETY RESPONSE, INC.,<br><br>                                    Plaintiff,<br><br>-against-<br><br>SECURE USA, INC., and DOES 1 through 10, inclusive,<br><br>                                    Defendants. | 08-Civ-4851 (LTS)<br><br>**PLAINTIFF'S ANSWER TO COUNTERCLAIMS IN [12] DEFENDANT SECURE USA, INC.'S ANSWER TO COMPLAINT, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS** |

Plaintiff Universal Safety Response, Inc. ("USR") files the following answer to the counterclaims ("Answer to Counterclaims") in the Answer to Complaint, Affirmative Defenses, and Counterclaims [Dkt. No. 12] ("Counterclaims") served on USR by Defendant Secure USA, Inc. ("SecureUSA") on July 11, 2008, and filed with the court on July 30, 2008.

## ANSWER TO COUNTERCLAIMS

1. USR admits on information and belief that SecureUSA is incorporated in the State of Georgia, maintaining its principal place of business at 4250 Keith Bridge Road, Cumming, Georgia 30041.  USR lacks knowledge sufficient to confirm or deny the remaining allegations in paragraph 1 of the Counterclaims and, therefore, denies the same.

2. USR lacks knowledge sufficient to confirm or deny the allegations in paragraph 2 of the Counterclaims and, therefore, denies the same.

3. USR admits that it is a designer and manufacturer of vehicle barrier systems including, but not limited to, a system known as the "GRAB-SP" vehicle barrier. USR denies the remaining allegations contained in paragraph 3 of the Counterclaims.

4. USR admits on information and belief that Mr. Jerry Gibson was employed by SecureUSA as a Project Manager, Account Manager, Director of Contracts and Customer Liaison, Director of Sales and Marketing, and Director of Strategic development until January 17, 2007. USR lacks knowledge sufficient to confirm or deny the remaining allegations in paragraph 4 of the Counterclaims and, therefore, denies the same.

5. USR lacks knowledge sufficient to confirm or deny the allegations in paragraph 5 of the Counterclaims and, therefore, denies the same.

6. USR lacks knowledge sufficient to confirm or deny the allegations in paragraph 6 of the Counterclaims and, therefore, denies the same.

7. USR lacks knowledge sufficient to confirm or deny the allegations in paragraph 7 of the Counterclaims and, therefore, denies the same.

8. USR lacks knowledge sufficient to confirm or deny the allegations in paragraph 8 of the Counterclaims and, therefore, denies the same.

9. USR lacks knowledge sufficient to confirm or deny the allegations in paragraph 9 of the Counterclaims and, therefore, denies the same.

10. USR admits that on December 15, 2005, Mr. Wesley Foss of USR sent a letter to SecureUSA, Attn: Mr. Jerry Gibson, who was then-employed by SecureUSA, stating "SecureUSA has permission to use approved photos of the GRAB-sp Barrier System for use on their website www.secureusa.net until such time of written notice by USR"; and USR refers to that letter for a complete and accurate statement of its contents. USR denies the remaining allegations contained in paragraph 10 of the Counterclaims.

11.   USR admits that prior to December 15, 2005, Mr. Foss and Mr. Gibson, then-employed by SecureUSA, communicated regarding the subject matter of Mr. Foss's letter of December 15, 2005.  USR lacks knowledge sufficient to confirm or deny the remaining allegations in paragraph 11 of the Counterclaims and, therefore, denies the same.

12.   USR admits on information and belief that on or about January 12, 2007, Mr. Gibson gave notice of his resignation from SecureUSA.  USR avers on information and belief that prior to that date, Mr. Gibson requested that SecureUSA waive the non-compete clause in Mr. Gibson's employment agreement and that SecureUSA's then-president, Mr. Morgan, granted Mr. Gibson's request in the presence of witnesses.  USR lacks knowledge sufficient to confirm or deny the remaining allegations in paragraph 12 of the Counterclaims and, therefore, denies the same.

13.   USR admits that Mr. Greg Hamby began working at USR on February 5, 2007.  USR lacks knowledge sufficient to confirm or deny the remaining allegations in paragraph 13 of the Counterclaims and, therefore, denies the same.

14.   USR admits that on February 15, 2007, Mr. Foss sent two email messages to Mr. Morgan at SecureUSA and refers to those email messages for a complete and accurate statement of their contents.  USR avers that, in those email messages, Mr. Foss requested that SecureUSA remove USR's materials and references with USR products from the websites and marketing materials of SecureUSA and its affiliates.  USR further avers the first of the two email messages from Mr. Foss included the following statement: "Several of our clients have been mistakenly confused that SecureUSA is able to provide them with USR products or services."  USR denies the remaining allegations in paragraph 14 of the Counterclaims.

15.   USR admits that on February 15, 2007, Mr. Morgan replied via email to the first of the two email messages sent from Mr. Foss to Mr. Morgan that day and refers to that email for

a complete and accurate statement of its contents.  USR admits that the body of Mr. Morgan's reply email to Mr. Foss is accurately reproduced in paragraph 15 of the Counterclaims.  USR denies the remaining allegations in paragraph 15 of the Counterclaims.

16. USR denies the allegations in paragraph 16 of the Counterclaims.

17. USR denies the allegations in paragraph 17 of the Counterclaims.

18. USR lacks knowledge sufficient to confirm or deny the allegations in paragraph 18 of the Counterclaims and, therefore, denies the same.

19. USR lacks knowledge sufficient to confirm or deny the allegations in paragraph 19 of the Counterclaims and, therefore, denies the same.

20. USR admits USR hired Messrs. Gibson and Hamby.  USR denies the remaining allegations contained in paragraph 20 of the Counterclaims.

21. USR lacks knowledge sufficient to confirm or deny the allegations in paragraph 21 of the Counterclaims and, therefore, denies the same.

22. USR denies the allegations in paragraph 22 of the Counterclaims.

23. USR denies the allegations in paragraph 23 of the Counterclaims.

24. USR denies the allegations in paragraph 24 of the Counterclaims.

25. In response to paragraph 25 of the Counterclaims, USR incorporates by reference, as if fully set forth herein, the admissions and denials to paragraphs 1-24 of the Counterclaims set forth in paragraphs 1-24 hereinabove.

26. USR lacks knowledge sufficient to confirm or deny the allegations in paragraph 26 of the Counterclaims and, therefore, denies the same.

27. USR admits entering into contracts with Bank of America and State of Florida.  USR denies the remaining allegations in paragraph 27 of the Counterclaims.

28. USR denies the allegations in paragraph 28 of the Counterclaims.

4

PLAINTIFF'S ANSWER TO COUNTERCLAIMS                                    08-Civ-4851(LTS)

29. USR lacks knowledge sufficient to confirm or deny the allegations of paragraph 29 of the Counterclaims and, therefore, denies the same.

30. USR denies the allegations in paragraph 30 of the Counterclaims.

31. In response to paragraph 31 of the Counterclaims, USR incorporates by reference, as if fully set forth herein, the admissions and denials to paragraphs 1-30 of the Counterclaims set forth in paragraphs 1-30 hereinabove.

32. USR lacks knowledge sufficient to confirm or deny the allegations of paragraph 32 of the Counterclaims and, therefore, denies the same.

33. USR lacks knowledge sufficient to confirm or deny the allegations of paragraph 33 of the Counterclaims and, therefore, denies the same.

34. USR denies the allegations in paragraph 34 of the Counterclaims.

35. USR denies the allegations in paragraph 35 of the Counterclaims.

36. In response to paragraph 36 of the Counterclaims, USR incorporates by reference, as if fully set forth herein, the admissions and denials to paragraphs 1-35 of the Counterclaims set forth in paragraphs 1-35 hereinabove.

37. USR lacks knowledge sufficient to confirm or deny the allegations of paragraph 37 of the Counterclaims and, therefore, denies the same.

38. USR denies the allegations in paragraph 38 of the Counterclaims.

39. USR denies the allegations in paragraph 39 of the Counterclaims.

40. In response to paragraph 40 of the Counterclaims, USR incorporates by reference, as if fully set forth herein, the admissions and denials to paragraphs 1-39 of the Counterclaims set forth in paragraphs 1-39 hereinabove.

41. USR denies the allegations in paragraph 41 of the Counterclaims.

42. USR denies the allegations in paragraph 42 of the Counterclaims.

## AFFIRMATIVE DEFENSES

As separate and affirmative defenses, and without admitting that it bears the burden of proof with respect to any of the following, Plaintiff alleges the following and reserves the right to amend this Answer to Counterclaims to plead additional defenses to supplement existing defenses, if information developed through discovery, trial or otherwise merits such actual amendment and/or supplementation.

### First Affirmative Defense

### (Business Justification)

43.     SecureUSA's counterclaims are barred in whole or in part because the alleged conduct was justified by legitimate business reasons.

### Second Affirmative Defense

### (Estoppel)

44.     SecureUSA's counterclaims are barred in whole or in part by the doctrine of estoppel.

### Third Affirmative Defense

### (Failure to Mitigate Damages)

45.     SecureUSA's counterclaims are barred in whole or in part because SecureUSA failed to mitigate damages.

### Fourth Affirmative Defense

### (Failure to State a Claim)

46.     SecureUSA's counterclaims are barred in whole or in part for failure to state a claim upon which relief may be granted.

### Fifth Affirmative Defense

### (Lack of Confidential Relationship)

47. SecureUSA's counterclaims are barred in whole or in part for lack of a confidential relationship.

### Sixth Affirmative Defense

### (Not Liable for Punitive Damages)

48. USR denies that it is liable for any conduct for which punitive damages or treble damages could or should be awarded.

### Seventh Affirmative Defense

### (Statute of Limitations)

49. SecureUSA's counterclaims are barred in whole or in part by the applicable statute of limitations.

### Eighth Affirmative Defense

### (Unclean Hands)

50. SecureUSA's counterclaims are barred in whole or in part by the doctrine of unclean hands.

### Ninth Affirmative Defense

### (Waiver)

51. SecureUSA's counterclaims are barred in whole or in part by the doctrine of waiver.

### Tenth Affirmative Defense

**(Additional Defenses)**

52.   USR reserves the right to raise any additional defenses, cross-claims, counterclaims, and/or third party claims not asserted herein of which it may become aware through discovery or other investigation.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Court enter judgment in its favor and against Defendant and that:

A.   SecureUSA take nothing on the Counterclaims asserted in the Answer; and

B.   Such other and further relief as this Court deems just and proper.

Respectfully submitted,

Dated: July 31, 2008        By: _/s/ Frank A. Bruno_

Milbank, Tweed, Hadley & McCloy LLP
Michael M. Murray (MM5996)
Frank A. Bruno (FB6255)
1 Chase Manhattan Plaza
New York, NY  10005
Telephone:   (212) 530-5000
Facsimile:    (212) 530-5219

*Attorneys for Plaintiff*
*Universal Safety Response, Inc.*