UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNIVERSAL SAFETY RESPONSE, INC.,

    Plaintiff,

-against-

SECURE USA, INC.,

    Defendant.

No. 08 Civ. 4851 (LTS)(DCF)



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 16 FEB 2011

## ORDER

Secure USA, Inc. ("Secure USA"), filed this motion to cancel Trademark Registration No. 2,767,400 held by Universal Safety Response, Inc. ("USR") and, on the basis of cancellation of the mark, to dismiss this action for lack of subject matter jurisdiction. USR opposes the motion to cancel, and seeks costs and attorneys' fees connected with this motion as well as a protective order preventing Secure USA from filing further motions without leave of the Court.

On September 23, 2003, USR registered Trademark Registration No. 2,767,400. On July 20, 2009, USR merged into a Delaware corporation ("SWAC-USR II, Inc."), which changed its name that same day to Universal Safety Response, Inc. On September 23, 2009, USR filed a timely affidavit as required by 15 U.S.C. § 1058, attesting to continued commercial use of the mark. Secure USA contends that the September 2009 filing was insufficient to preserve USR's rights in the mark because USR became a different legal entity upon merging into a Delaware corporation and because the affidavit showed a New York address for USR rather than USR's Delaware address of incorporation.

To avoid cancellation of a mark, an affidavit attesting to continued commercial use

or excusable nonuse must be filed with the United States Patent and Trademark Office, within six years following the date of registration, by the "owner" of the mark. 15 U.S.C. § 1058. The undisputed facts of record make it clear here that USR met the ownership and filing requirements. When USR merged into the Delaware corporation, the Delaware corporation became the owner of the mark. "Continuity of ownership is the essence of a merger." N.Y. v. Nat'l Serv. Indus., Inc., 460 F.3d 201, 211 (2d Cir. 2006) (quoting Cargo Partner AG v. Albatrans, Inc., 352 F.3d 41, 47 (2d Cir. 2003)). As the statute requires the "owner" to file the affidavit but does not require the listing of a specific address or the address of incorporation, USR's inclusion of its New York address on the affidavit was not an error warranting cancellation. The motion to cancel the mark and to dismiss this action is therefore denied.

The Court has the power to assess costs and fees when an attorney's actions "are so completely without merit as to require the conclusion that they must have been undertaken for some improper purpose such as delay." Oliveri v. Thompson, 803 F.2d 1265, 1273 (2d Cir. 1986). The Court may also grant a protective order to enjoin a party from "further vexatious litigation." Lipin v. Hunt, 573 F. Supp. 2d 836, 844 (S.D.N.Y. 2008) (quoting Safir v. U.S. Lines Inc., 792 F.2d 19, 23 (2d Cir. 1986)). USR requests that the Court invoke its inherent powers to grant it such relief. USR has not, however, challenged Secure USA's motion practice under Fed. R. Civ. P. 11 or any other provision of law specifically authorizing fee-shifting or other sanctions.

The Court concludes that, although Secure USA's submissions to the Court have undoubtedly resulted in unnecessary work for USR as well as the Court, its actions were not so utterly voluminous nor indicative of a lack of good faith as to justify the imposition of fees and a protective order. The Court thus declines to exercise its discretion to award the fees and protective order sought by USR. If Secure USA initiates further litigation relating to the subject matter of this

action or the settlement thereof, however, the Court may consider whether such relief would be warranted.

This Order resolves docket entry no. 78. The Clerk of Court is directed to re-close this case.

SO ORDERED.

Dated: New York, New York
      February 15, 2011

/s/ LAURA TAYLOR SWAIN
United States District Judge